IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANA LYDELL SMITH, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:09-CV-985-DS |
| UNITED STATES OF AMERICA et al., | District Judge David Sam |
| Defendants. | |

Plaintiff, Dana Lydell Smith, an Idaho inmate, filed a civil rights complaint against several United States defendants. As discussed below, the Court concludes that Smith must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

---

[1] 28 U.S.C.S. § 1915(a) (2009).

[2] *Id.* § 1915 (g).

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court previously granted Smith permission to proceed here under § 1915, without prepaying his court filing fee.[4] However, the Court is aware that Smith has filed numerous complaints in the United States District Court for the District of Idaho that were dismissed as frivolous or failing to state a claim upon which relief may be granted.[5] As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[6]

Section 1915(g) applies here because (1) Smith was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed further.

## ORDER

Smith is not eligible to proceed further without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous. Therefore, Smith is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

_December_ 1 November, 2009.

BY THE COURT:

_[signature]_
DAVID SAM
United States District Judge

---

[4] Order on Application to Proceed without Prepayment of Fees, docket no. 3, filed Nov. 17, 2009.

[5] See Smith v. Dist. Court Clerk, No. 1:08-CV-501-BLW (D. Idaho Feb. 12 2009) (dismissing complaint for failure to state claim upon which relief may be granted and assessing strike); Smith v. United States Const., No. 1:08-CV-307-EJL (D. Idaho Oct. 22, 2008) (same); Smith v. Idaho, No. 1:08-CV-219-BLW (D. Idaho June 6, 2008) (dismissing complaint for failure to state claim upon which relief may be granted)

[6] See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).